LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
(212) 465-1188
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

MAGDA CROWELL-CONVERSE,

                      Plaintiff,

-against-

STATEN ISLAND AID FOR RETARDED
CHILDREN, INC. d/b/a COMMUNITY RESOURCES
and DANA MAGEE,

                      Defendants.

---

Case No.: 20-cv-637

JURY TRIAL DEMANDED

**COMPLAINT**

Plaintiff MAGDA CROWELL-CONVERSE ("Plaintiff"), by and through her undersigned attorneys, as and for her Complaint against Defendants STATEN ISLAND AID FOR RETARDED CHILDREN, INC. d/b/a COMMUNITY RESOURCES ("Community Resources") and DANA MAGEE ("Magee") (collectively, "Defendants"), states upon information and belief as follows:

**INTRODUCTION**

1. Plaintiff brings this action to recover unpaid wages, overtime wages, liquidated damages, interest, and reasonable attorney's fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6, 7,

and 19 of the New York Labor Law and the wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2. Plaintiff worked for Defendants providing care to developmentally-disabled individuals. Plaintiff regularly worked 70 or more hours per week, but was not compensated properly for all of the hours she worked, or for her overtime hours. Furthermore, when she complained to Defendants about her pay, she was retaliatorily terminated.

## PARTIES, JURISDICTION, AND VENUE

3. At all times relevant herein, Plaintiff was and is a resident of the State of New York, Richmond County. Plaintiff's consent to sue is submitted herewith as Exhibit 1.

4. At all times relevant herein, Defendant Community Resources was and is a domestic corporation duly organized under and existing by virtue of the laws of the State of New York, and having its principal place of business at 3450 Victory Boulevard, Staten Island, New York.

5. Community Resources engages in an enterprise whose annual volume of sales made or business done due to commercial activities is not less than $500,000, the activities of which affect interstate commerce, and Community Resources is thus an employer subject to the jurisdiction of the FLSA.

6. At all times relevant herein, Defendant Magee was and is a citizen and resident of the State of New York, Richmond County.

7. At all times relevant herein, Magee was and is the Chief Executive Officer of Community Resources, and/or otherwise an owner, shareholder, member, officer, director, and/or manager of Community Resources.

8. In his capacity as an owner, shareholder, member, officer, director, and/or

manager of Community Resources, Magee has at all times relevant herein exercised operational control over Community Resources and the terms and conditions of Plaintiff's employment. Specifically, with respect to Plaintiff and other employees, Magee had the power and authority to (i) hire and fire employees, (ii) set their work schedules, (iii) determine their rates and methods of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms, and conditions of their employment.  At all times relevant herein, Magee exercised functional control over the business and financial operations of Community Resources, and had authority over all employee-related decisions, including specifically but without limitation payroll, personnel, and wage and hour policies concerning Plaintiff and other employees.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

10. This Court has personal jurisdiction over Community Resources in that it is incorporated in the state of New York and has its principal place of business therein.

11. This Court has personal jurisdiction over Magee in that he is a citizen and resident of the State of New York.

12. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b), because Defendants reside in this district and the events giving rise to Plaintiff's claims occurred herein.

## JURY DEMAND

13. Plaintiff demands a trial by jury of all issues so triable in this action.

**STATEMENT OF FACTS**

14. Community Resources provides a variety of services in connection with the care and support of developmentally-disabled individuals, including residential and health services, child care services, and job placement. Community Services also sells products made by developmentally-disabled individuals through its "Special Tees" division.

15. Plaintiff worked for Defendants from November 2014 until January 7, 2019. Plaintiff started her employment with Defendants as a "Housing Manager," and was paid a wage of $35,000 per year. In August 2016 she was promoted to "Qualified Intellectual Disability Professional," for which she was paid $40,000 per year. In January 2017 Plaintiff received a raise to $45,000 per year, and was paid at that rate from such date until the end of her employment.

16. As a "Housing Manager," Plaintiff was responsible for feeding and cleaning up after children, procuring supplies, and performing other manual labor-intensive duties. Plaintiff was also tasked with preparing the schedule for more junior employees, but did not have the authority to hire or fire employees, set their pay, or otherwise direct the terms of their employment.

17. As a "Qualified Intellectual Disability Professional," Plaintiff had the same or similar job duties as she did as a Housing Manager, but was additionally responsible for training new staff. However, she still did not have the authority to hire or fire employees, set their pay, or otherwise direct the terms of their employment. Despite her title, she was not required to obtain any specialized certification or education prior to being promoted to this position.

18. Over the course of her employment, Plaintiff regularly worked in excess of 70 hours per week. As a "Housing Manager," Plaintiff's typical weekly work schedule was 10

A.M. to 10 P.M. without breaks Monday through Saturday, for a total of 12 hours per day and 72 hours per week.  As a "Qualified Intellectual Disability Professional," Plaintiff's typical weekly work schedule was 9 A.M. to 10 P.M. without breaks Monday through Saturday, for a total of 13 hours per day and 75 hours per week.  In her latter role Plaintiff was additionally required to spend approximately 30 minutes to an hour on the phone with managers and co-workers after her work days, conduct an overnight observation shift from 2 A.M. to 5 A.M. once a month, and be on call 24 hours a day and 7 days a week for emergencies as they may arise.

19.     Despite working well over 10 hours per day and 40 hours per week throughout her employment with Defendants, Plaintiff never received any additional or spread-of-hours compensation, either at her regular rate for the additional hours she worked, or at the overtime premium rate of one-and-one-half times her regular rate for the hours in excess of 40 per week.

20.     Although Plaintiff was paid as a salaried employee rather than at an hourly wage, the nature of her work duties indicates that she was not exempt from the wage and overtime requirements of the FLSA and NYLL.  Her work duties included substantial manual labor; she did not discipline other employees, determine their pay, or possess the power to hire or fire them; and her work did not require her to have specialized education or credentials.  Notably, Plaintiff was required to punch in and out of work every day.

21.     In or around December 2018, Plaintiff complained to Defendants about their failure to pay her in accordance with the law.  Defendants took no action to rectify Plaintiff's pay.  Instead, on or around January 7, 2019, Defendants terminated Plaintiff's employment.

22.     Plaintiff was informed that she was terminated due to a sexual harassment complaint against her.  However, this was a pretext, as Plaintiff had not sexually harassed anyone.  The truth is that Plaintiff was fired in retaliation for complaining about her unpaid

hours.

23. Defendants were or should have been aware of their statutory requirements as employers, including specifically but without limitation the requirements under the FLSA and NYLL to pay Plaintiff for each hour she worked (and at the overtime premium rate for each hour worked in excess of 40 per week), and to make and preserve proper payroll records.

24. However, Defendants knowingly failed to pay Plaintiff all of the regular and overtime wages to which she was entitled, and to make and preserve proper payroll records.

25. As such, the various violations of law alleged herein were committed knowingly, willfully, and intentionally by Defendants.

26. Furthermore, these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**FIRST CAUSE OF ACTION**
**(FLSA against all Defendants)**

27. Plaintiff repeats each and every previous allegation as if fully set forth herein.

28. At all relevant times Plaintiff was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

29. At all relevant times Community Resources was an employer within the meaning of the FLSA.

30. As a matter of economic reality, Defendants were joint employers of Plaintiff, and as such are jointly and severally liable for all claims made under the FLSA.

31. As alleged herein, Plaintiff regularly worked well in excess of 40 hours per week for Defendants, but did not receive all of the regular and overtime wages to which she was entitled under the FLSA.

32.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all of the hours she worked, including overtime hours, when Defendants knew or should have known such was due.

33.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff suffered damages in the form of unpaid regular and overtime wages.  Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the FLSA.

## SECOND CAUSE OF ACTION
**(NYLL against all Defendants)**

34.     Plaintiff repeats each and every previous allegation as if fully set forth herein.

35.     At all relevant times Plaintiff was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

36.     At all relevant times Community Resources was an employer within the meaning of the NYLL.

37.     As a matter of economic reality, Defendants were joint employers of Plaintiff, and as such are jointly and severally liable for all claims made under the NYLL.

38.     As alleged herein, Plaintiff regularly worked well in excess of 40 hours per week for Defendants, but did not receive all of the regular and overtime wages to which she was entitled under the FLSA.

39.     Defendants also failed to provide Plaintiff with an accurate wage statement, as required under the NYLL.

40.     Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to compensate Plaintiff for all of the hours she worked,

including overtime hours, when Defendants knew or should have known such was due, and their failure to provide Plaintiff with an accurate wage statement.

41. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff suffered damages in the form of unpaid regular and overtime wages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided for under the NYLL.

### THIRD CAUSE OF ACTION
### (FLSA Retaliation against all Defendants)

42. Plaintiff repeats each and every previous allegation as if fully set forth herein.

43. Defendants retaliated against Plaintiff after she complained about her unpaid regular and overtime wages, in violation of Section 215(a)(3) of the FLSA.

44. Specifically, Plaintiff was terminated after she complained to Defendants about her unpaid regular and overtime wages.

45. Although Defendants stated that Plaintiff was fired for sexual harassment, this rationale was pretextual, as Plaintiff never sexually harassed anyone.

46. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages in the form of lost wages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided under the FLSA.

### FOURTH CAUSE OF ACTION
### (NYLL Retaliation against all Defendants)

47. Plaintiff repeats each and every previous allegation as if fully set forth herein.

48. Defendants retaliated against Plaintiff after she complained about her unpaid regular and overtime wages, in violation of Article 7, Section 215 of the NYLL.

49. Specifically, Plaintiff was terminated after she complained to Defendants about her unpaid regular and overtime wages.

50. Although Defendants stated that Plaintiff was fired for sexual harassment, this rationale was pretextual, as Plaintiff never sexually harassed anyone.

51. As a direct and proximate result of Defendants' retaliation, Plaintiff suffered damages in the form of lost wages. Plaintiff seeks judgment in an amount to be determined at trial for these damages as well as an award of liquidated damages, interest, attorney's fees, and costs, as provided under the FLSA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court assume jurisdiction herein and thereafter grant the following relief:

a. Compensatory damages in an amount to be determined at trial, including unpaid regular and overtime wages, "spread of hours" pay, back and front pay, and all other damages to which Plaintiff is entitled under the FLSA and NYLL;

b. Liquidated damages pursuant to the FLSA and NYLL;

c. Pre- and post-judgment interest; and

d. Plaintiff's costs and reasonable attorney's fees;

Together with such other and further relief as the Court deems just and proper.

Dated: February 5, 2020
New York, New York     LEE LITIGATION GROUP, PLLC

By:     */s/ C.K. Lee*
    C.K. Lee
    Anne Seelig
    148 West 24th Street, 8th Floor
    New York, NY 10011
    (212) 465-1188
    *Attorneys for Plaintiff*

CONSENT TO SUE UNDER
THE FAIR LABOR STANDARDS ACT

I, _____, am an individual formerly employed by _____ (together, including any successors, affiliates or related entities, "Defendants"). I consent to be a plaintiff in an action to collect unpaid compensation against Defendants.

By: *M Crowell-Conuose*

Name:

Date: _____