# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, EIGHTH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
cklee@leelitigation.com

January 6, 2021

**Via ECF**
The Honorable Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Crowell Converse v. Staten Island Aid for Retarded Children, Inc., et al.*
              Case No. 20-cv-00637 (ENV) (LB)

Dear Judge Bloom:

    We are counsel to Plaintiff. We respectfully submit this Status Letter, jointly with counsel to Defendants. in accordance with the Court's November 11, 2020 Order.

    Since the November 5, 2020 Initial Conference, the parties agreed to stipulate to an Amended Complaint and to extend Defendants time to answer the Amended Complaint. On November 30, 2020, Plaintiff filed her First Amended Complaint. On December 30, 2020, Defendants filed their Answer to Plaintiff's First Amended Complaint.

    Furthermore, the parties have discussed stipulating to a 216(b) conditional collective. At this time, the parties intend to further discuss the format, scope, and content of the proposed notice and stipulation. Therefore, the parties request that the court allow us until January 15, 2021 to submit the joint stipulation.

    Now, at this time, the parties have different views on how to proceed with discovery in the case:

Plaintiff:

    On October 16, 2020, the parties filed a joint status report to the Court [Dkt. No. 18]. In the joint status report Plaintiff noted that the parties were in disagreement as to the scope of settlement and mediation, as Plaintiff's intended to mediate and settle on a class-wide basis and Defendants' intended to mediate and settle on an individual basis. In that status report, Plaintiff requested that the parties should move forward and have their Rule 26(f) conference and file a joint discovery schedule once Defendants have answered the Amended Complaint and to adjourn any EDNY mediation, private mediation or settlement conference to a date after the initial written discovery has been exchanged. Following the status report, the Court ordered a telephonic conference for November 5, 2020, where the Court and the parties discussed the matters of

stipulating and filing the First Amended Complaint, but did not discuss the matters pertaining to discovery and mediation.

It is Plaintiff's belief that, as the parties could not agree to the scope of mediation, the mediation would be futile, and as a result the parties have exhausted the settlement efforts at this time. Therefore, Plaintiff now respectfully request that the Court permit the parties to proceed with discovery and file a Joint Discovery Planning Report.

Defendants:

As stated in the parties' October 16, 2020 joint letter to the Court, following the exchange of documents and information provided for in section 1 of the August 6, 2020 Order in FLSA Case Requiring Discovery and Setting Initial Pretrial Discovery and Mediation Schedule (Docket # 17), Plaintiff's counsel stated for the first time that he only would be interested in settlement at such time if there was a classwide settlement. Notably, at the time of such communication there were no class or collective claims that were part of the lawsuit. Plaintiff's November 30, 2020 First Amended Complaint contains Rule 23 class action and FLSA Section 216(b) collective action allegations.

The parties recently discussed the possibility of stipulating to conditional certification of a collective action and dissemination of a notice of pendency. As stated above, the parties will endeavor to reach agreement in this regard over the course of the next 10 days. Provided such agreement is reached and approved by the Court, Defendants propose that the parties then continue with the exchange of information and documents set forth in the Order in FLSA Case Requiring Discovery (as they relate to collective actions). Thereafter, Defendants propose that the parties proceed with the protocols for settlement set forth in sections 3, 4 and 5 of such Order.

We thank the Court for its time and consideration.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.


cc: All parties via ECF