# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAGDA CROWELL-CONVERSE,<br><br>                       Plaintiff,<br><br>   -against-<br><br>STATEN ISLAND AID FOR RETARDED<br>CHILDREN, INC. d/b/a COMMUNITY RESOURCES<br>and DANA MAGEE,<br><br>                      Defendants. | Case No.: 1:20-cv-00637 (ENV)<br>(LB) |

## NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE

       Plaintiffs Magda Crowell-Converse, Quiana Burton and Shawon Tomlinson (collectively "Plaintiffs") and Defendant Staten Island Aid for Retarded Children, Inc. d/b/a Community Resources ("Defendant" or "Community Resources" and, together with Plaintiffs, the "Parties") desire to settle and resolve fully all wage and hour claims that have been or could have been brought against Community Resources by Plaintiffs, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, the lawsuit captioned *Magda Crowell-Converse v. Staten Island Aid for Retarded Children, Inc. d/b/a Community Resources,* Case No. 1:20-cv-00637 (ENV) (LB) pending in the United States District Court for the Eastern District of New York ("Litigation"). Therefore, in consideration of the foregoing, Plaintiffs and Community Resources agree as follows:

    1.    **Consideration.** In consideration for Plaintiffs' timely signing this Negotiated Settlement Agreement & Release ("Agreement"), and complying with the promises made by Plaintiffs contained in this Agreement, including the release and waiver of claims, Community Resources agrees to provide Plaintiffs with the total settlement sum of Fifty Thousand Dollars and Zero Cents ($50,000.00), less lawful deductions and tax withholdings, where indicated, in consideration for and in full satisfaction of all wage and hour claims Plaintiffs have or may have against Community Resources, known or unknown, asserted or unasserted, through the date of their execution of the Agreement. Such payment shall be apportioned as follows:

        (a) The settlement sum shall be apportioned among Plaintiffs and Plaintiffs' counsel in accordance with Exhibit "A." As a prerequisite to receiving their respective settlement checks, each Plaintiff shall provide Community Resources with signed IRS Forms W-4 and W-9, and Plaintiffs' counsel shall provide a signed IRS Form W-9.

        (b) For tax purposes, 50% of payments to Plaintiffs made in accordance with Exhibit "A" shall be treated as back wages and subject to Form W-2 reporting

and 50% of such payments shall be treated as federal and state liquidated damages and prejudgment interest and subject to Form 1099 reporting.

(c) The payments set forth in the Schedule attached as Exhibit "A" will be sent to Plaintiffs' counsel of record, Lee Litigation Group, PLLC within ten (10) business days after Community Resources' counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice in the form attached hereto as Exhibit "B" signed and entered by the Court.

2.     **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that Plaintiffs would not receive the monies specified in paragraph "1" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

3.     **Tax Liability.** Plaintiffs and/or their counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against them upon such settlement sums set forth in Paragraph 1 above for which there are no withholdings. Plaintiffs acknowledge that they have not relied on any oral or other representations made by Community Resources or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.     **Release of Claims.** Plaintiffs, their heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Community Resources and its present and past officers, directors, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and each entity's employee benefit plans and programs and their administrators and fiduciaries, both individually and in their official capacities including, without limitation, Defendant Dana Magee (collectively "Releasees") from all claims asserted, or wage and hour claims that could have been asserted, under federal, state and local laws by and on behalf of Plaintiffs in the Litigation.   The released claims include all claims under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., the New York Labor Law, and any other federal, state or local wage and hour statute, rule or regulation pertaining to unpaid regular or overtime wages, any related wage and hour claims, any claim relating to failure to issue proper wage statements and/or wage notices, retaliation for lodging wage and hour complaints, all related derivative benefit claims (both ERISA and non-ERISA benefits), interest on such claims, and attorneys' fees and costs related to such claims through the date this Agreement is executed by all parties.

5.     **General Release by Named Plaintiff.** In consideration of the monetary payment being provided to Named Plaintiff Magda Crowell-Converse, Ms. Crowell-Converse knowingly and voluntarily releases and forever discharges Releasees of and from any and all claims, known and unknown, asserted or unasserted, which Named Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of the New York State Human Rights Law, the New York City Human Rights Law, the New York Labor Law, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or

2

implied) or tort laws; any claim arising under the common law; any other claim for employment discrimination, retaliation, wrongful termination, constructive discharge, unpaid wages or overtime, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring up to and including the date of Named Plaintiff's execution of this Agreement. Notwithstanding the foregoing, Named Plaintiff does not waive any vested pension or 401(K) rights, or rights to workers compensation or unemployment benefits.

6. **Acknowledgments and Affirmations.** Plaintiffs affirm that Plaintiffs have not filed or caused to be filed, and are not presently a party to any claim, and are not aware of any potential wage and hour claims, against Community Resources except for the Litigation, which they agree to the dismissal of with prejudice.

All parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiffs agree that if an administrative wage and hour claim for unpaid wages and/or overtime is made, Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies.

Plaintiffs represent that they are not enrolled in the Medicare program and were not enrolled at the time of the released matters or at any time thereafter through the date of this Agreement. Plaintiffs represent and warrant that no Medicare or Medicaid payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any released matters.

7. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") attached as Exhibit "B" are fully-executed by the Parties and their counsel, subject to Community Resources' review of and consent to the motion for judicial approval of the settlement prepared by Plaintiffs' counsel, Plaintiffs will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

8. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

DocuSign Envelope ID: FD82488F-FA3D-4E60-AE32-D85D27B93332

10.    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

11.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12.    **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic or pdf copies shall be deemed the same as originals.

**PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED UP TO FOURTEEN (14) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH THEIR ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE AND HOUR CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

MAGDA CROWELL-CONVERSE

Dated: _8/5/2021_____, 2021

_Magda Crowell-Converse_
Magda Crowell-Converse

QUIANA BURTON

Dated: _8/13/2021_____, 2021

_Quiana Burton_
Quiana Burton

SHAWON TOMLINSON

Dated: _8/13/2021_____, 2021

_Shawn Tomlinson_
Shawon Tomlinson

4

DocuSign Envelope ID: FD82488F-FA3D-4E60-AE32-D86D27B93332

STATEN ISLAND AID FOR RETARDED
CHILDREN, INC. D/B/A COMMUNITY
RESOURCES

Dated: _8/19_ , 2021          By: _Mary Raffy_

# EXHIBIT "A"

*Magda Crowell-Converse v. Staten Island Aid for Retarded Children, Inc. d/b/a Community Resources*, Case No. 1:20-cv-00637 (ENV) (LB)

| Payment Recipient | Total Sum Due | W-2 Amount | 1099 Amount |
|---|---|---|---|
| Magda Crowell-Converse | $12,500 | $6,250 | $6,250 |
| Quiana Burton | $10,000 | $5,000 | $5,000 |
| Shawon Tomlinson | $10,000 | $5,000 | $5,000 |
| | | | |
| Lee Litigation Group, PLLC (Fees and Costs) | $17,500 | | $17,500 |
| | | | |
| Total | $50,000.00 | $16,250 | $33,750 |

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAGDA CROWELL-CONVERSE,

                                        Plaintiff,

            -against-

STATEN ISLAND AID FOR RETARDED
CHILDREN, INC. d/b/a COMMUNITY RESOURCES
and DANA MAGEE,

                                        Defendants.

Case No.: 1:20-cv-00637 (ENV)
(LB)

## STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiffs

Magda Crowell-Converse, Quiana Burton and Shawon Tomlinson (collectively "Plaintiffs") and

Defendants Staten Island Aid for Retarded Children, Inc. d/b/a Community Resources and Dana

Magee that the Negotiated Settlement Agreement and Release in this matter, having been

reviewed by the Court and found to be fair and reasonable, the above-captioned action shall be

dismissed in its entirety, with prejudice, in accordance with the terms of the Negotiated

Settlement Agreement and Release.

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Tel. No. (212) 465-1188

By: _____
        CK Lee

Dated: __August 16__, 2021

ATTORNEYS FOR PLAINTIFFS

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
Tel. No. (212) 545-4000

By: _____
        Jason A. Zoldessy

Dated: __August 19__, 2021

ATTORNEYS FOR DEFENDANTS

SO ORDERED on this _____ day of _____, 2021.

_____
Hon. Eric N. Vitaliano
United States District Judge