UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAGDA CROWELL-CONVERSE, QUIANA
BURTON, and SHAWN TOMLINSON,

                Plaintiffs,             **REPORT AND RECOMMENDATION**
                                                              **20 CV 637 (ENV) (LB)**

    -against-

STATEN ISLAND AID FOR RETARDED
CHILDREN, INC. d/b/a COMMUNITY
RESOURCES, et al.,

                Defendants.
------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiffs Magda Crowell-Converse, Shawon Tomlinson, and Quiana Burton (collectively "plaintiffs") bring this action against Staten Island Aid for Retarded Children, Inc. d/b/a Community Resources and Dana Magee (collectively "defendants") alleging that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay them proper overtime wages, failing to pay them for all hours worked, and failing to provide them with the appropriate wage statements and notices. Amended Complaint ("Am. Compl.") ¶¶ 33–48, ECF No. 22. Additionally, plaintiff Crowelll-Converse alleges that defendants retaliated against her by firing her when she complained about her wages. Id., ¶ 42. The parties have reached a settlement and now move for settlement approval pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). ECF No. 34 [hereinafter "Settl. Mot."]. The motion was referred to me by the Honorable Eric Vitaliano for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Although the Court commends the parties for reaching a resolution of this matter, for the reasons set forth below, the parties' settlement agreement [hereinafter "Settl. Ag." or "Agreement"], attached to the motion as Exhibit A,[1] ECF No. 34-1, should not be approved.

---

[1] Plaintiffs attach two exhibits titled 'A,' the Agreement is the first exhibit.

First, the settlement should not be approved as the release of liability provision is impermissibly broad. Next, the parties do not explain how they arrived at the amount of estimated compensation owed to plaintiffs, nor why accepting this settlement is a good result for plaintiffs, given the vast discrepancy between the alleged compensation owed and the amount of recovery under this Agreement. Finally, the request for attorney's fees cannot be approved as currently set forth.

## BACKGROUND

Plaintiffs were employed as "Residential Managers" or "Qualified Intellectual Disability Professionals" for Community Resources, a company which provides a variety of services to developmentally-disabled individuals, including residential and health services and child-care. Am. Compl., ¶ 25. The Amended Complaint alleges that despite plaintiffs working well over forty hours per week, and well over ten hours per day, plaintiffs never received overtime wages or spread-of-hours premiums. Id., ¶¶ 38, 39. Plaintiff Crowell-Converse also alleges that shortly after she complained to defendants about her pay, she was fired. Id., ¶ 41. Plaintiffs seek to recover unpaid wages, statutory damages for improper wage statements and notices, liquidated damages, attorney's fees, and costs. Id., ¶ 56.

## PROCEDURAL HISTORY

Plaintiff Crowell-Converse commenced this action by filing her complaint on February 5, 2020. ECF No. 1. Defendants answered on August 5, 2020. ECF No. 16. Plaintiff filed an amended complaint on November 30, 2020, which defendants answered on December 30, 2020. ECF Nos. 22, 23. The Court approved the parties' stipulation and notice of collective action on February 3, 2021, and plaintiffs Tomlinson and Burton opted-in as plaintiffs in the lawsuit. Docket Entry 02/03/2021; ECF Nos. 28, 29. The parties participated in a Court-annexed mediation and reached a settlement. Docket Entry 07/09/2021. The parties now move for Court approval of the settlement. ECF No. 34.

**DISCUSSION**

I. <u>Standard for Analyzing FLSA Settlements</u>

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." <u>Cheeks</u>, 796 F.3d at 206.

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); <u>see also</u> <u>Fisher v. SD Protection Inc.</u>, 948 F.3d 593, 600 (2d Cir. 2020) (noting that district courts "typically evaluate the fairness of a settlement agreement by considering the factors outlined in <u>Wolinsky</u> . . . ").

Certain additional provisions such as confidentiality requirements and overbroad releases of liability are at odds with the protective nature of the FLSA, and thus are generally not approved by Courts in this Circuit. <u>See</u> <u>Lopez v. Nights of Cabiria</u>, 96 F. Supp. 3d 170, 177, 181 (S.D.N.Y. 2015) (discussing a Court's obligation in a FLSA case to "police unequal bargaining power" as the reason why Courts generally reject both confidentiality provisions and overboard releases); <u>see also</u> <u>Lopez v. Poko St. Ann L.P.</u>, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (citation omitted) ("[A] number of judges in this [Circuit] refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'").

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher, 948 F.3d at 606 (citation omitted).

II. The Instant Agreement

Under the terms of the Agreement, plaintiffs will receive $50,000.00. Mot. at 2. Of that amount, $17,500.00 is allocated to attorney's fees, which leaves $32,500.00 for the three plaintiffs. Mot. at 2, 3. Specifically, plaintiff Crowell-Converse will receive $12,500.00, plaintiff Tomlinson will receive $10,000.00 and plaintiff Burton will receive $10,000.00. Mot. at 2.

The Agreement does not contain confidentiality or non-disparagement provisions, but does contain two release provisions, one of which applies to all plaintiffs, and the other only applies to plaintiff Crowell-Converse. Settl. Ag., ¶¶ 4, 5. The release which applies to all plaintiffs is acceptable because it only releases defendants from "all claims asserted, or wage and hour claims that could have been asserted." Id., ¶ 4. However, the second release provision is impermissibly broad because it requires plaintiff Crowell-Converse to release defendants from "any and all claims, known and unknown, asserted and unasserted." Id., ¶ 5. See Garcia v. Jambox, Inc., No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *3–4 (S.D.N.Y. April 27, 2015) (general release "not 'fair and reasonable' because it encompasse[d] far too broad a range of possible claims") (citing Camacho v. Ess–A–Bagel, Inc., No. 14 Civ. 2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Although plaintiff Crowell-Converse is receiving more money in the settlement than the other two plaintiffs, and the Agreement states that the general release is "[i]n consideration of the monetary payment being provided," Settl. Mot.; Settl. Ag., ¶ 5, this does not satisfy the Court that the general release is fair and appropriate. First, plaintiffs' calculations of damages shows that plaintiff Crowell-Converse is owed significantly more in damages than the other two plaintiffs, and the motion for settlement approval does not state whether the extra money is due to the higher damages owed or as

consideration for the release. Settl. Mot. Ex. B, ECF No. 34-2.[2] Either way, the $2,500.00 more that defendants are paying Crowell-Converse does not legitimize the overbroad general release. See Zekanovic v. Augies Prime Cut of Westchester, Inc., No. 19 Civ. 8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020) (rejecting a settlement where the agreement explicitly stated that the general release was "[i]n consideration for $17,500"). The Court should not approve the settlement agreement with this overbroad general release.

Turning next to the disconnect between plaintiffs' recovery under the Agreement and the total possible damages plaintiffs' complaint alleges they could recover if successful at trial, the Court should not approve the settlement as fair and reasonable without further information.

Plaintiffs fail to provide any explanation regarding how they arrived at the estimated amount of unpaid wages defendants owe to them. Plaintiffs' filing includes tables of damages owed to each plaintiff, but no information regarding how those numbers were calculated. Mot. Ex. B, ECF No. 34-2. The tables include damages for "Unpaid OT," "Rounding," and "Timeshaving." Id. However plaintiffs' motion fails to explain what is meant by "Rounding" or "Timeshaving."[3] The Court cannot approve a settlement that does not contain an explanation of how the alleged damages were calculated. See Nights of Cabiria, 96 F. Supp. 3d 176–77 ("In the absence of [the parties estimation of hours worked and applicable wages] the Court cannot discharge its duty to ensure that the proposed settlement is fair and reasonable.").

Whatever their provenance, these tables list damages owed to plaintiffs many magnitudes larger than the amounts they would receive under this settlement. Plaintiffs allege that: plaintiff Crowell-Converse is owed $231,040.48, plaintiff Tomlinson is owed $104,195.30, and plaintiff

---

[2] Plaintiffs attached two exhibits titled 'B,' the damages calculation is the second exhibit.
[3] As best the Court can tell, "Timeshaving" refers to the allegation in ¶ 32 of the amended complaint, that defendants would alter plaintiff's time records to show less time than she actually worked. Am. Compl. ¶ 32. It is not clear from the amended complaint what is meant by "Rounding."

Burton is owed $53,301.00. Mot. Ex. B, ECF No. 34-2. The settlement agreement does not explain why plaintiffs are settling for amounts so much lower than what they believe they are owed. In an attempt to rationalize the settlement, plaintiffs' motion states that the proposed settlement is a 28% recovery of the amount plaintiffs could hope to recover. Mot. at 2. This figure is misleading for three reasons. First, the proposed settlement is 28% of only the unpaid compensation plaintiffs are allegedly due, not their statutory or liquidated damages.[4] Second, the 28% figure is misleading in the first place because that calculation includes plaintiffs' counsel's attorney's fees and in reality, plaintiffs would be recovering 18% of their unpaid compensation and only 8% of their alleged total damages owed.[5] Finally, whether considered against either the unpaid compensation or the total damages allegedly owed, the percentage that each individual plaintiff would recover is wildly disproportionate. Plaintiff Crowell-Converse would receive $12,500.00 which is approximately 11% of her unpaid compensation and 5% of her total damages; plaintiff Tomlinson would receive $10,000.00 which is approximately 21% of her unpaid compensation and 10% of her total damages; plaintiff Burton would receive $10,000.00 which is approximately 46% of her unpaid compensation or 19% of her total damages. Mot. at 2, Ex. B.[6] Here, the parties fail to demonstrate why this settlement would be a good deal for the plaintiffs. Thus, the Court should not approve the settlement as fair and reasonable.

Finally, while Courts regularly approve attorney's fee arrangements where the attorney receives one-third of the total settlement, see, e.g., Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012), plaintiffs' counsel's hourly

---

[4] Courts in this Circuit generally analyze the reasonableness of a settlement compared to plaintiff's possible recovery using the total amount plaintiff could receive if successful. See, e.g., Redwood v. Cassway Contracting Corp., 16 Civ. 3502 (HBP), 2017 WL 4764486 at *2, n.4 (S.D.N.Y. Oct. 18, 2017) (approving a settlement which represents 29.1% of the "amount claimed by each plaintiff includ[ing] . . . liquidated damages[] and statutory damages").

[5] Plaintiffs allege that they are entitled to $179,268.39 in unpaid compensation, but allege they are owed $388,536.78 in total damages. See Mot. Ex. B.

[6] The lowest percentage of a FLSA plaintiff's possible recovery that I could find which was approved by a Court in this Circuit was in De La Rosa v. Bronx 656 Food Corp., 18 Civ. 1981 (HBP), 2019 WL 1331021 (S.D.N.Y. March 25, 2019). The settlement in that case awarded the plaintiff 16% of his total alleged damages. Id. at 2. However, the Court in that case found the settlement reasonable "considering defendant's documentary evidence, which appeared to disprove plaintiff's claims." Id.

rates cannot be approved by the Court in light of Simmons v. New York Transit Authority, 575 F.3d 170, 174 (2nd Cir. 2009) (to determine a reasonable hourly fee "courts should generally use the hourly rates employed in the district in which the reviewing court sits").[7]

## CONCLUSION

Because the liability release provision is impermissibly overbroad, the parties have not demonstrated how they calculated the estimated damages owed, or why this settlement provides a good deal to the plaintiffs, and the requested attorney's fees cannot be approved, I respectfully recommend that the parties' motion for settlement approval should be denied without prejudice. Should this Report be adopted, the parties should be given 30 days to refile a motion which redresses the deficiencies set forth herein. In the alternative to objecting to this Report, the parties may choose to withdraw the instant motion for settlement approval without prejudice to filing a new motion and a new settlement agreement.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v.

---

[7] Plaintiffs request an hourly rate of $450 for a third-year associate, $350 for a first-year associate, and $275 for paralegals. Mot. Ex. C, ECF No. 34-3. These amounts are much higher than the norm in this District. See Ye Hong v. 7 Express Restaurant Corp., 17-CV-2174 (KAM)(JO). 2019 WL 2261091, at *7 (E.D.N.Y. March 14, 2019) ("Judges in this district generally award fees in cases like this based on the following hourly rates: $300.00 to $400.00 for partners, $200.00 to $300.00 for senior associates, $100.00 to $150.00 for junior associates, and $75.00 for paralegals.") (citation omitted). Moreover, no background is given for any of plaintiffs' counsel or staff. Three years of experience would generally qualify as a junior associate. The Court notes that this is not the first time plaintiffs' counsel has been reprimanded for seeking an improperly high fee or not including the necessary information as part of an attorney's fee request. See, e.g., Villar v. AHRC Home Care Services, Inc., 18 Civ. 9174 (OTW), 2020 WL 4904031 at * 4–5 (S.D.N.Y. Aug. 20, 2020) (motion for settlement approval denied in part because plaintiffs' counsel did not provide information for basis of fee request); Garcia v. 120 MP, LLC et al, 18 Civ. 6408 (JPO), 2020 WL 2319126 at *2–3 (S.D.N.Y. May 8, 2020) (reducing the hourly fee awarded to plaintiffs' counsel as the requested hourly fee was impermissibly high).

Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 30, 2021
 Brooklyn, New York